SARAH C. MUELLER, a Minor, by Kathleen E. Math, her Mother, Plaintiff-Appellant, v. COMMUNITY CONSOLIDATED SCHOOL DISTRICT 54 *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—94—1563

Opinion filed March 24, 1997.

Barry S. Grossman, and David Novoselsky & Associates, both of Chicago (David A. Novoselsky and Margarita T. Kulys, of counsel), for appellants.

O'Reilly, Cunningham, Norton & Mancini, of Wheaton (Patricia L. Argentati and Maura W. Moore, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff appeals the order of the trial court dismissing her first amended complaint with prejudice.

Plaintiff, Sarah Mueller, was a student at Margaret Mead Junior High School of Community Consolidated School District 54 (the School District or defendant) in the Village of Elk Grove, Illinois. The school maintained a wrestling team, sponsored by and through the school with the approval of the School District. Plaintiff was a manager of the wrestling team. Defendant Anthony D. Robinson (Robinson) was the wrestling coach.

Following afternoon wrestling practices, Robinson customarily drove various wrestling team members and managers home. On February 28, 1992, plaintiff attended wrestling practice. After practice, Robinson offered to drive Mueller to Robinson's residence so they could work on a personnel roster. While at his home, Robinson sexually assaulted Mueller.

Mueller, by and through her mother, Kathleen E. Math, filed a four-count complaint against both Robinson and the School District. On November 30, 1993, Mueller filed a four-count first amended complaint. The School District filed a three-part motion to dismiss. The trial court granted the School District's motion with prejudice. Plaintiff filed a motion to reconsider or, in the alternative, to permit her to file a second amended complaint. The trial court denied plaintiff's motion. This appeal followed. We review the matter *de novo*.

As a preliminary matter, we note that although the School District's motion to dismiss was divided into three sections, it failed to specify whether portions of the motion were brought pursuant to section 2—615 or 2—619 of the Code of Civil Procedure as required

by section 2—619.1 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619, 2—619.1 (West 1994)) nor did the court draw a distinction as to whether it was dismissing plaintiff's complaint pursuant to section 2—615 or 2—619. Under these circumstances, we must review the ruling on defendant's nondesignated motion according to its grounds, its requests, or its treatment by the parties and the trial court. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484, 639 N.E.2d 1282, 1289 (1994). Motions properly brought under section 2—615 should be ruled upon before a court entertains motions properly brought under section 2—619. *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379, 638 N.E.2d 354, 357 (1994).

# I

■ Section I of defendant's motion contends the complaint should be dismissed on grounds plaintiff improperly commingled and duplicated allegations and claims. Because defendant's argument attacks the legal sufficiency of the complaint, we review section I of defendant's motion under section 2—615. A section 2—615 motion should be granted only in those cases where the complaint fails to allege sufficient facts which, if proved, would entitle the plaintiff to relief. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475, 575 N.E.2d 548, 555 (1991).

■ In support of its argument that plaintiff "improperly commingled and duplicated allegations and claims," defendant cites sections 2—603(a) and (b), 2—613(a), and 2—610(a) of the Code of Civil Procedure. 735 ILCS 5/2—603(a), (b), 2—613(a), 2—610(a) (West 1994). Sections 2—603(a) and (b) (735 ILCS 5/2—603(a), (b) (West 1994)) require that a complaint contain a "plain and concise statement of the pleader's cause of action" and that "[e]ach separate cause of action *** be stated in a separate count." Section 2—613(a) permits parties to "plead as many causes of action *** as they may have." 735 ILCS 5/2—613(a) (West 1994). We find nothing in the above-cited rules to prohibit plaintiff from "restating the same claimed acts and omissions" in each count if such acts or omissions give rise to liability under multiple theories of recovery. Indeed, section 2—613(b) of the Code of Civil Procedure implicitly acknowledges the possibility of such an occurrence by permitting a party to state alternative causes of action, regardless of their consistency.

Here, plaintiff's complaint alleges that the same operative facts give rise to defendant's liability under four distinct theories of tort. Count I of plaintiff's complaint alleges that section 34—18.5 of the Illinois School Code (105 ILCS 5/1—1 *et seq.* (West 1994)) imposed a duty upon defendant to conduct a background check on Robinson,

that it violated that statute, and as a result plaintiff was injured. Count II alleges that, apart from its statutory duty, the defendant owed plaintiff the duty of reasonable care and caution in the hiring and investigation of Robinson, that it violated that duty, and that plaintiff was injured. Count III alleges that, in addition to its statutory duty to investigate before hiring, the defendant owed plaintiff the duty of reasonable care and caution in the supervision of Robinson after hiring, that it violated that duty, and that plaintiff was injured. Finally, count IV alleges that, in addition to its statutory duty to investigate before hiring, the defendant owed plaintiff the nondelegable duty to refrain from causing injury to plaintiff.

Because plaintiff's complaint plainly and clearly attempts to allege four different causes of action, namely, negligence *per se* (count I), negligent hiring (count II), negligent supervision (count III), and breach of a nondelegable duty (count IV), we find plaintiff has fulfilled the requirements of sections 2—603(a) and (b) and 2—613(a) of the Code of Civil Procedure and defendant's claim is without merit.

Section 2—610(a) of the Code of Civil Procedure (735 ILCS 5/2—610(a) (West 1994)) applies only to "answer[s] and subsequent pleading[s]," not to complaints. Accordingly, defendant's contention section 2—610(a) supports its argument that plaintiff's complaint improperly commingled and duplicated allegations and claims is not well taken.

## II

■ We next address section III of defendant's motion, which asserts the complaint should be dismissed on grounds the plaintiff failed to state a cause of action for negligent hiring (count II) or based upon a "non-delegable duty" theory of liability (count IV). Because these arguments also attack the legal sufficiency of the complaint, we likewise review them under section 2—615. We also consider here defendant's additional argument on appeal that count III of plaintiff's complaint was likewise subject to dismissal on grounds it failed to state a cause of action for negligent supervision. *Murphy v. Lindahl*, 24 Ill. App. 2d 461, 468, 165 N.E.2d 340, 343 (1960) (where the decision of the lower court is correct, the reasons acted upon by it are immaterial).

## A

■ A cause of action for negligent hiring exists against an employer only if it is alleged and established that (1) the employer knew or should have known that the employee in question had a particular unfitness for the position so as to create a danger of harm to third persons, (2) that such particular unfitness was known or should

have been known at the time of hiring, and (3) that this particular unfitness proximately caused the claimed injury. *Fallon v. Indian Trail School, Addison Township School District No. 4*, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101, 103-04 (1986).

■ Defendant contends count II of plaintiff's complaint was deficient because it failed to allege that the School District knew or should have known of Robinson's particular unfitness for his job as a wrestling coach, or that such unfitness rendered the precise injury suffered by plaintiff reasonably foreseeable. We disagree.

Count II of plaintiff's complaint alleges that, because the defendant was required by law and otherwise had a duty to exercise reasonable care and caution in the hiring and investigation of Robinson, it should have known at the time of hiring that he had a criminal background exhibiting moral turpitude, which made him unfit for a position dealing with minors, and that plaintiff was injured. We agree with plaintiff that this alleges sufficient facts to satisfy the first and second elements of a negligent hiring cause of action. Contrary to defendant's assertion, plaintiff need not allege that Robinson had a "particular unfitness" for employment as a wrestling coach under these facts. His coaching abilities are not in question here. His fitness for a position that allowed him unsupervised contact with minors is in question here, and it is the perils and hazards likely to be encountered in that context against which the defendant had a duty to protect. *Malorney v. B&L Motor Freight, Inc.*, 146 Ill. App. 3d 265, 268, 496 N.E.2d 1086, 1088 (1986); *Easley v. Apollo Detective Agency*, 69 Ill. App. 3d 920, 932, 387 N.E.2d 1241, 1248 (1979).

We note, however, that further review of plaintiff's complaint reveals that count II fails to allege that the School District's failure to exercise reasonable care and caution in the hiring and investigation of Robinson was a proximate cause of plaintiff's injury. Accordingly, count II was subject to dismissal without prejudice under section 2—615 so as to allow plaintiff the opportunity to replead and incorporate the causation element.

## B

On appeal, the School District similarly contends count III of plaintiff's complaint was deficient because it gave no factual basis to support its allegation of negligent supervision other than the same failure to conduct the criminal background investigation. We disagree.

■ A cause of action for negligent supervision exists against the School District if it is alleged and established that the School District had a duty to supervise its employees, that the School District

negligently supervised Robinson, and that such negligence proximately caused plaintiff's injuries. See generally *State Farm Fire & Casualty Co. v. Mann*, 172 Ill. App. 3d 86, 92, 526 N.E.2d 389, 393 (1988) (plaintiff alleged parent negligent in supervision of child); *Niven v. Siqueira*, 109 Ill. 2d 357, 361, 487 N.E.2d 937, 939 (1985) (plaintiff alleged hospital negligent in supervision of physician); *Normoyle-Berg & Associates, Inc. v. Village of Deer Creek*, 39 Ill. App. 3d 744, 744-45, 350 N.E.2d 559, 559-60 (1976) (plaintiff alleged engineer negligent in supervision of construction project). See also *Quality Education for All Children, Inc. v. School Board of School District No. 205*, 385 F. Supp. 803 (N.D. Ill. 1974) (holding that under Illinois law the school board is vested with power to supervise teachers); 105 ILCS 5/10—20.7, 10—20.8, 10—21.1, 10—22.4 (West 1994).

■ Count III of plaintiff's complaint alleges that the School District owed her a duty to exercise reasonable care and caution in the supervision of its employee, Robinson, that the School District negligently or carelessly failed to supervise its employee in that it failed to conduct a criminal background check on him even after he was hired, allowed him to remain as an employee when the criminal background check would have disclosed his moral turpitude making him unfit for employment, and failed to employ any procedures to determine whether or not he was competent and fit for his job, and that plaintiff was injured by Robinson. Contrary to the School District's assertion, we find that this does not merely restate the same failure to conduct the criminal background investigation alleged in count II of plaintiff's complaint. Count II of plaintiff's complaint alleges the School District failed to conduct the requisite prehire investigation, whereas the instant count alleges the School District failed to conduct any post-hire investigation or procedures to determine whether Robinson was competent and fit for his job. Thus, count III of plaintiff's complaint was not subject to dismissal under section 2—615 for failure to allege sufficient facts to support her claim that the School District breached its duty to supervise Robinson.

The foregoing notwithstanding, we find that further review of plaintiff's complaint reveals that count III, like count II, failed to allege that the School District's failure to properly supervise Robinson was a proximate cause of plaintiff's injury. Accordingly, count III was likewise subject to dismissal without prejudice under section 2—615 so as to allow plaintiff the opportunity to replead and incorporate the causation element.

## C

■ With regard to count IV of plaintiff's first amended complaint,

plaintiff alleges that the School District provided her with transportation to and from school via bus, that as a result of the wrestling team's after-school activities she was unable to take the bus, and therefore Robinson was "a substitute driver." The complaint further alleges that, owing to Robinson's status as a "substitute driver," the school district had a nondelegable duty "to refrain from causing injury" to her. Plaintiff therefore concludes that, because she was injured, she is entitled to relief from the School District. In support of her argument, plaintiff relies primarily upon the fourth district case of *Eversole v. Wasson*, 80 Ill. App. 3d 94, 398 N.E.2d 1246 (1980).

Plaintiff's reliance is misplaced. In *Eversole*, the court held that a special relationship between the parties required the defendant school district to protect the injured plaintiff. 80 Ill. App. 3d at 96-97, 398 N.E.2d at 1248. Here, the plaintiff did not allege the School District breached a duty "to protect" but, rather, pled the School District breached a duty "to refrain from causing injury."

Furthermore, even assuming without deciding that count IV alleges sufficient facts to establish that the School District owed plaintiff a nondelegable duty of care (either because the school district, through its employee Robinson, was acting as a common carrier or because of a "special relationship" between the parties), plaintiff would not be entitled to relief. Like a corporation, the defendant School District is an artificial person or legal entity created by or under the authority of the laws of this state and cannot act save through its agents. Accordingly, the School District may be held to have "assaulted, abused, and caused intentional harm" to plaintiff as alleged in count IV of plaintiff's complaint only if such acts by the School District's agent, Robinson, were authorized or ratified.

Count IV of plaintiff's complaint alleges that Robinson had permission to offer to drive plaintiff from school to her home; it does not allege that Robinson had permission or authority to sexually assault plaintiff. Thus, even if proved, the factual allegations contained in count IV of plaintiff's complaint would not entitle her to relief.

Because the facts pled would not entitle plaintiff to relief, count IV of plaintiff's complaint was subject to dismissal under section 2—615 of the Code of Civil Procedure. *Urbaitis*, 143 Ill. 2d at 475, 575 N.E.2d at 555. To hold otherwise would be to allow plaintiff to circumvent the general rule that an employer may not be held vicariously liable for an employee's willful and wanton, intentional, or criminal act if it occurred outside the scope of employment or was solely in furtherance of the employee's own interests (see *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 666 N.E.2d 792 (1996); *Giraldi v. Lamson*, 205 Ill. App. 3d 1025, 1030, 563 N.E.2d 956 (1990);

*Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962, 524 N.E.2d 966 (1988)) by pleading direct and primary liability rather than vicarious liability. Furthermore, it would conflict with established law in Illinois, which holds that although a common carrier has a nondelegable duty of care towards it passengers (*Gordon v. Chicago Transit Authority*, 128 Ill. App. 3d 493, 470 N.E.2d 1163 (1984); *Giraldi v. Community Consolidated School District No. 62*, 279 Ill. App. 3d 679, 692, 665 N.E.2d 332, 340 (1996)), such duty is to retain direct and primary responsibility for operating the bus with the highest degree of care (*Garrett v. Grant School District No. 124*, 139 Ill. App. 3d 569, 487 N.E.2d 699 (1985)) and does not extend to situations where, as here, it is not the operation of the bus *per se* that resulted in injury.

## III

Having reviewed the sections of defendant's motion to dismiss properly brought under section 2—615, we next address section II of defendant's motion to dismiss. Section II of defendant's motion argues that plaintiff's complaint should be dismissed on grounds the School District has tort immunity under sections 2—103, 2—104, 2—109 and 2—201 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act). 745 ILCS 10/2—103, 2—104, 2—109, 2—201 (West 1994). Because it gives color to plaintiff's complaint while claiming statutory immunity from liability, we review the motion under section 2—619(a)(9). *Midwest Bank & Trust Co. v. Village of Lakewood*, 113 Ill. App. 3d 962, 972, 447 N.E.2d 1358, 1364 (1983). Under the facts of this case, we must determine *de novo* whether section II of defendant's motion to dismiss established a valid affirmative defense to plaintiff's complaint or whether plaintiff's response to defendant's motion to dismiss established that the asserted defense is unfounded. See 4 R. Michael, Illinois Practice §§ 41.8, at 334-36 (1989).

■ Section 2—103 gives governmental entities immunity from liability for injury resulting from failure to enforce any law. This case is not concerned with enforcement of a law but, rather, the violation of a state statute. The plaintiff is not suing the state for failing to make sure the School District abided by its statute (enforcement); the plaintiff is suing School District 54 because it violated a state statute intended to protect persons such as herself from the type of injury she received (compliance). See *Filipetto v. Village of Wilmette*, 254 Ill. App. 3d 461, 470, 627 N.E.2d 60, 66 (1993).

Section 2—104 gives governmental entities immunity from liability for injury resulting from "the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or

revoke, any permit, license, certificate, approval, order or similar authorization." 745 ILCS 5/2—104 (West 1994). Because no permit, license, certificate, approval, order or similar authorization is alleged to have caused injury in this case, section 2—104 does not provide the School District with tort immunity.

Section 2—109 gives governmental entities immunity from liability for injury resulting from an act or omission of an employee where the employee is not liable. Neither party has argued that Robinson is not liable for sexual assault.

Finally, section 2—201 gives governmental entities immunity from liability for injuries resulting from exercise of discretionary authority. Here the School District's discretion is fettered by the criminal-background-check statute. The statute provides that the School District "shall not knowingly employ a person for whom a criminal background investigation has not been initiated." 105 ILCS 5/34—18.5(d) (West 1994). Given the statute's mandatory language, we find that it requires the School District to at least commence an investigation of employment applicants before it is vested with the discretionary authority to hire. We therefore conclude that the School District's failure to comply with the statutorily imposed condition precedent vitiates any immunity it might otherwise have enjoyed under section 2—201 of the Tort Immunity Act for hiring Robinson.

Because defendant's motion to dismiss failed to establish a valid affirmative defense to plaintiff's complaint and because plaintiff's response to defendant's motion to dismiss established that the asserted defenses were unfounded, we conclude that if the trial court's decision to dismiss plaintiff's complaint was grounded upon an application of section 2—103, 2—104, 2—109, or 2—201 of the Tort Immunity Act, that decision was in error.

## IV

On appeal defendant further contends that plaintiff's brief articulates a negligence *per se* theory of recovery for count I of her complaint that was not raised before the trial court and it should therefore be deemed waived. We disagree.

A complaint is sufficient if it pleads facts that bring the claim within a legally recognized cause of action. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009 (1981). Count I alleges that the School District had a statutory duty to conduct a background check on Robinson, that it violated that statute (*i.e.*, breached that duty), and as a result plaintiff was injured. These are the elements of a negligence *per se* claim which, if proved by plaintiff and not justified by defendant, would entitle plaintiff to

relief. See *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 117 N.E.2d 74 (1954). Thus, while the phrase "negligence *per se*" does not appear in count I, it contains sufficient facts to support the claim. Accordingly, we find that plaintiff's negligence *per se* argument has not been waived.

Alternatively, defendant's brief on appeal argues that if plaintiff did not waive her negligence *per se* theory of recovery, count I of her complaint fails to show that it applies in the instant case. In support of this argument defendant cites *Arizzi v. City of Chicago*, 201 Ill. App. 3d 368, 559 N.E.2d 68 (1990).

The *Arizzi* case holds that laws designed to protect the public at large impose no corresponding duty to protect individual members of the public absent a special relationship. 201 Ill. App. 3d at 371, 559 N.E.2d at 70. Defendant thus spends much time and energy trying to convince this court there was no special relationship between itself and plaintiff. In so doing, defendant argues plaintiff must show (1) that the municipality was uniquely aware of a particular danger or risk to her in particular; (2) that there are allegations of specific acts or omissions by the municipality in question; (3) that the alleged acts of the municipality were affirmative and willful in nature; and (4) that the plaintiff in question was under the direct and immediate control of the municipality at the time that the injury was incurred.

We find the case at bar is distinguishable from *Arizzi* in that the statute at issue here is not intended to protect the "public at large" but, rather, is one intended to protect a specific class of individuals, namely, schoolchildren. Moreover, the entire *Arizzi* line of cases cited by defendant (*Stigler v. City of Chicago*, 48 Ill. 2d 20, 268 N.E.2d 26 (1971); *Ferentchak v. Village of Frankfort*, 105 Ill. 2d 474, 475 N.E.2d 822 (1985); *Lakeside Condominium "C" Ass'n v. Frediani Developers, Inc.*, 135 Ill. App. 3d 972, 482 N.E.2d 665 (1985); *Gordon v. County of Jackson*, 231 Ill. App. 3d 1017, 597 N.E.2d 170 (1992); *Swaw v. Ortell*, 137 Ill. App. 3d 60, 484 N.E.2d 780 (1984)) is concerned with the enforcement of laws as opposed to compliance therewith. Here the plaintiff is not suing the state for failing to make sure the School District abided by its statute (enforcement), but is suing the School District because it violated a state statute intended to protect persons such as herself from the type of injury she received (compliance).

We conclude, therefore, that where the general rule enunciated by *Arizzi* does not apply, neither do the requirements of its special relationship exception. Accordingly, plaintiff need not show that the School District had knowledge of a particular danger to plaintiff, that the alleged acts were willful in nature, or that plaintiff was under the direct and immediate control of the School District at the time of her injury in order to maintain her negligence *per se* cause of action.

SUMMARY

For the foregoing reasons, we find (1) that count I adequately alleges the elements of a negligence *per se* claim and should not have been dismissed under section 2—615; (2) that count II adequately alleges duty, breach, and injury, but fails to allege the causation element of a negligent hiring claim and should have been dismissed without prejudice; (3) that count III adequately alleges duty, breach, and injury, but also fails to allege the causation element of a negligent supervision claim and should have been dismissed without prejudice; and (4) that count IV alleges facts which, even if proved, would not entitle plaintiff to relief and therefore was properly dismissed with prejudice. We further find that the sections of the Tort Immunity Act cited by defendant do not support its motion to dismiss. Accordingly, we reverse and remand the trial court's dismissal with prejudice of count I, we modify its dismissal of counts II and III to dismissal without prejudice, and we affirm its dismissal of count IV with prejudice.

Reversed and remanded in part; modified in part and affirmed in part.

CAHILL and THEIS, JJ., concur.