KEITH VAN HORNE, Plaintiff-Appellant, v. MATTHEW "MANCOW" MULLER *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—96—0331

Opinion filed January 30, 1998.

Deutsch, Levy & Engel, Chartered (Paul Levy, Phillip J. Zisook, and Brian D. Saucier, of counsel), and McConnell & Mendelson, both of Chicago (Michael Sweig Mendelson and Sheryl L. Jaffee, of counsel), for appellant.

D'Ancona & Pflaum, of Chicago (James K. Meguerian and Steven L. Baron, of counsel), for appellees.

JUSTICE QUINN delivered the opinion of the court:

This case involves an appeal from the circuit court of Cook County in which Keith Van Horne (Van Horne) alleges that Chicago disc jockey Matthew "Mancow" Muller (Muller) and his on-air associate, Irma Blanco (Blanco), published defamatory remarks about him during their morning broadcast. We also address the scope of liability for an action alleging negligent and/or reckless hiring, supervision, or retention where the plaintiff has suffered no physical harm. Plaintiff appeals from the trial court's order dismissing five counts of the complaint under section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). Jurisdiction is vested in this court pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

For the following reasons, we reverse.

The facts pertaining to this appeal are as follows. On November

11, 1994, at approximately 5 a.m. Muller encountered Van Horne at the radio station where Muller worked. At that time, Muller and Van Horne exchanged words, and Van Horne allegedly chased Muller down a hallway and threatened to kill him. Muller reported the incident numerous times during his morning talk show. Blanco discussed the incident with Muller on-air and included a summary of the incident in her news reports during the broadcast. Van Horne alleges that Muller and Blanco made various defamatory remarks about him during the course of the radio program.

On November 28, 1994, Van Horne filed a verified complaint against Muller, Blanco, and their employers, Evergreen Media Corporation (Evergreen) and WRCX Radio (WRCX), alleging that the statements made by Muller and Blanco during the broadcast were defamatory *per se*. Defendants responded by filing a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). On March 30, 1995, the trial court dismissed the count against Blanco and let stand the counts against Muller, Evergreen, and WRCX. The dismissal of the count against Blanco was without prejudice.

On April 27, 1995, Van Horne filed an amended verified complaint that revised the defamation claim against Blanco (count II). The complaint also added four counts against WRCX and Evergreen for negligent and/or reckless hiring and for negligent and/or reckless retention and supervision (counts V through VIII). Defendants subsequently moved to dismiss both the defamation count against Blanco and the four new counts against WRCX and Evergreen.

On September 11, 1995, the trial court dismissed the negligent and/or reckless hiring counts and the negligent and/or reckless retention and supervision counts with prejudice on the grounds that Van Horne could not allege that he suffered physical injury as a result of the alleged defamatory statements. On December 27, 1995, the trial court dismissed the defamation count against Blanco with prejudice.

On appeal, plaintiff contends that: (1) the trial court erred in dismissing the defamation count against Blanco where Blanco participated in and contributed to the statements found to be defamatory *per se*; (2) the trial court erred in dismissing the defamation count against Blanco where Blanco republished the statements found to be defamatory *per se*; and (3) the trial court erred in dismissing the negligent and/or reckless hiring and the negligent and/or reckless supervision and retention counts against WRCX and Evergreen.

■ A trial court may grant a motion to dismiss a complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)) when the complaint does not contain allega-

tions of fact sufficient to state a cause of action. *Singer v. Brookman*, 217 Ill. App. 3d 870, 878, 578 N.E.2d 1 (1991). Upon ruling on a motion to dismiss, courts must take all well-pleaded facts as true and construe all reasonable inferences in the light most favorable to the plaintiff. *Roderick Development Investment Co. v. Community Bank*, 282 Ill. App. 3d 1052, 1057, 668 N.E.2d 1129 (1996). Pleadings in the complaint must be viewed liberally with a view toward doing substantial justice between the parties. *Disc Jockey Referral Network, Ltd. v. Ameritech Publishing*, 230 Ill. App. 3d 908, 912, 596 N.E.2d 4 (1992). The issue before the court when reviewing a motion to dismiss is one of law, and the standard of review therefore is *de novo*. *Roderick*, 282 Ill. App. 3d at 1057.

Van Horne first alleges that the trial court erred in dismissing the defamation count against Blanco where Blanco participated in and contributed to statements found to be defamatory *per se*. The statements in question here formed the basis of the count against Muller for defamation *per se*, and that count of the complaint survived a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1994). Hence, we address Blanco's liability for participating in and contributing to statements found to be defamatory *per se*.

■ This issue involves the scope of liability for actions alleging defamation. Generally:

> "All persons who cause or participate in the publication of libelous or slanderous matter are personally responsible for such publication, each being liable in full without apportionment as to his particular share. Hence, one who requests, procures, or aids or abets, another to publish defamatory matter is liable as well as the publisher." 53 C.J.S. *Libel & Slander* § 115, at 199 (1987).

Thus, a defendant may be held liable for participating in or contributing to the publication of a defamatory statement. Contrary to defendants' position, this principle of law holds true regardless of whether a plaintiff alleges defamation *per se* or defamation *per quod*. See *Kumaran v. Brotman*, 247 Ill. App. 3d 216, 617 N.E.2d 191 (1993) (plaintiff allowed to amend complaint to allege defamation *per se* against a newspaper reporter, the newspaper, and two individuals quoted in alleged defamatory article).

■ Here, it is clear from the record that there are sufficient allegations of fact to support a cause of action against Blanco for her participation in the publication of the statements found to be defamatory *per se*. In count II, Van Horne alleges that Blanco was more than an innocent bystander when Muller published the remarks found to be defamatory *per se*. The count sets forth how Blanco joined

Muller in his description of the encounter with Van Horne, how Blanco agreed with Muller's version of the events, and how Blanco confirmed that the encounter was not a prearranged stunt. Blanco was not a disinterested or detached witness to Muller's defamatory remarks; rather, she was an active participant.

Defendants argue that a cause of action against Blanco for defamation *per se* cannot stand because Blanco's statements, on their own, were not defamatory. Defendants overlook the fact that defamatory statements must be considered in the context in which they were made. See *Flip Side, Inc. v. Chicago Tribune Co.*, 206 Ill. App. 3d 641, 651, 564 N.E.2d 1244 (1990). As such, we find that there are allegations of fact sufficient to state a cause of action, and the trial court therefore erred in dismissing count II of the complaint alleging defamation based upon Blanco's participation in the broadcast.

Van Horne next alleges that the trial court erred in dismissing the defamation count against Blanco where Blanco republished the statements found to be defamatory *per se*.

Initially, we note that this issue is separate and distinct from the first issue on appeal. The first issue involves the sufficiency of a complaint alleging liability based on Blanco's participation in the broadcast. This issue involves the sufficiency of a complaint alleging liability based on Blanco's own words. Further, we note that Blanco did not republish verbatim the statements made by Muller that the trial court found to be defamatory *per se*. Rather, Blanco summarized the encounter between Van Horne and Muller. Yet, the form of the republication in the present case is largely irrelevant due to our finding that Blanco published statements that were defamatory *per se*.

A statement is considered defamatory if it tends to cause harm to the reputation of another by lowering that person in the eyes of the community or deterring third persons from associating with the person. Restatement (Second) of Torts § 559 (1977). A defamatory statement may be classified as either defamatory *per se* or defamatory *per quod*. In actions alleging defamation *per quod*, the plaintiff must allege extrinsic facts to prove the defamatory nature of the statement, whereas in actions alleging defamation *per se*, the defamatory character of the statement is apparent on its face. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 607 N.E.2d 201 (1992).

In Illinois, there are five classes of defamatory statements that give rise to a cause of action for defamation *per se*: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease that, if true, would tend to exclude one from society; (3) those imputing inability to perform or want of integrity in the discharge of the duties of office or employment; (4) those

prejudicing a particular party in his or her profession or trade; and (5) those stating false accusations of fornication or adultery. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 88-89, 672 N.E.2d 1207 (1996); *Fried v. Jacobson*, 99 Ill. 2d 24, 27, 457 N.E.2d 392 (1983). Further, a defendant may be held liable for republishing a defamatory statement published by another. *Owens v. CBS, Inc.*, 173 Ill. App. 3d 977, 527 N.E.2d 1296 (1988).

■ In the present case, we find that the trial court also erred in dismissing count II because there are sufficient allegations of fact to support a cause of action for defamation *per se* against Blanco. During her first news report of the morning, Blanco made the following statements:

> "Keith Van Horne's violent side was shining through this morning shortly after 5:00 a.m. in the John Hancock building. Former Bears lineman Van Horne, who is already in a little bit of trouble for allegedly hitting a woman at a gas station, literally ran into Mancow at the elevators in the building, with a near brawl with Van Horne threatening Mancow's life, calling him names, and even talking about a lawsuit."

Blanco made substantially similar statements during three other news reports that morning. We find that these statements allege that Van Horne committed the offense of assault—unlawful conduct which places another in reasonable apprehension of receiving a battery. 720 ILCS 5/12—1(a) (West 1994). Statements imputing the commission of an offense are properly classified as defamatory *per se*. *Bryson*, 125 Ill. 2d at 88. Accordingly, the trial court erred in dismissing count II of the complaint.

This case differs from defendants' citation to *Richardson v. Dunbar*, 95 Ill. App. 3d 254, 419 N.E.2d 1205 (1981). In *Richardson*, the plaintiff alleged that the following statement constituted defamation *per se*: "he grabbed Danny by the shoulder and tried to turn him around." *Richardson*, 95 Ill. App. 3d at 259. The appellate court disagreed with the plaintiff on the grounds that the statement did not import the commission of a crime. *Richardson*, 95 Ill. App. 3d at 259. Rather, the statement required an explanation of the surrounding circumstances and, therefore, could not be classified as defamatory *per se*. Here, Blanco published the above-discussed statements on four different occasions. These statements allege the commission of the crime of assault, and no explanation of surrounding circumstances is necessary to reach that conclusion.

■ However, even if a statement is found to be defamatory *per se*, it will no longer be considered defamatory if the statement is reasonably capable of an innocent construction. *Quinn v. Jewel Food Stores,*

*Inc.*, 276 Ill. App. 3d 861, 868, 658 N.E.2d 1225 (1995). To determine whether a statement is capable of an innocent construction, a court must consider the statement in context, giving the words and implications therefrom their natural and obvious meaning. *Quinn*, 276 Ill. App. 3d at 868. When so construed, a statement will not be considered defamatory *per se* if it "may reasonably be innocently interpreted." *Chapski v. Copley Press*, 92 Ill. 2d 344, 352, 442 N.E.2d 195 (1982).

Here, given the words and implications therefrom their natural and obvious meaning, we conclude that Blanco's remarks are not capable of innocent construction. Blanco, on four different occasions, reported that Van Horne threatened Muller's life. Given that Blanco made these statements while describing an altercation between Van Horne and Muller, the statements are not reasonably capable of innocent construction. As such, Blanco's statements are properly classified as defamatory *per se*, and the trial court erred in dismissing count II of the complaint.

Van Horne's third argument on appeal is that the trial court erred in dismissing the negligent and/or reckless hiring and the negligent and/or reckless supervision and retention counts against WRCX and Evergreen where Muller allegedly has a history of reckless conduct both in his current employment and in previous jobs as a disc jockey.

Plaintiff's complaint sets forth seven different instances of alleged reckless conduct by Muller prior to his employment by WRCX and Evergreen. Specifically, the complaint alleges that while Muller was a disc jockey in California he, among other actions: obstructed access to the San Francisco Bay Bridge for three hours, causing a traffic jam involving 35,000 commuters; dropped cinder blocks off a California Bayshore overpass, causing damage to cars parked below; harassed the host of a local television program by calling her "fat" and "unprofessional" over the public airwaves; and designated a day as "Alzheimer's Awareness Day" where he visited a geriatric center in San Francisco and asked the residents questions they could not answer. The complaint also sets forth three instances of alleged reckless conduct that occurred while Muller was employed by WRCX and Evergreen. These instances included, among other actions: declaring a "Roadkill Tuesday," where he prompted listeners to leave dead animals at a shopping mall, and directing an on-air associate to stand on the North Avenue bridge while holding a sign that read "[h]onk and we'll drop a cinder block."

■ Negligent and/or reckless hiring, supervision, and retention are distinct causes of action. A cause of action for negligent hiring alleges that: (1) an employer knew or should have known that the em-

ployee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the unfitness was known or should have been known at the time of hiring, and (3) the unfitness proximately caused the claimed injury. *Mueller v. Community Consolidated School District 54*, 287 Ill. App. 3d 337, 341-42, 678 N.E.2d 660 (1997), citing *Fallon v. Indian Trail School, Addison Township School District No. 4*, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101 (1986). Negligent supervision alleges that: (1) an employer had a duty to supervise its employees, (2) the employer negligently supervised an employee, and (3) such negligence proximately caused the plaintiff's injuries. *Mueller*, 287 Ill. App. 3d at 342-43. Negligent retention alleges that: (1) an employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the employer retained the employee in his or her employment even after the employer knew or should have known about the unfitness, and (3) the unfitness proximately caused the claimed injury. *Johnson v. Mers*, 279 Ill. App. 3d 372, 376, 664 N.E.2d 668 (1996); *Bates v. Doria*, 150 Ill. App. 3d 1025, 1030-31, 502 N.E.2d 454 (1986).

■ An action for negligent hiring may be brought even where the employee's conduct occurred outside the scope of his or her employment. *Johnson*, 279 Ill. App. 3d at 376. The rationale behind this theory is that in an action alleging negligent hiring, the proximate cause of the plaintiff's injuries is the employer's failure to exercise reasonable care in hiring the employee, rather than the wrongful conduct of the employee. *Young v. Lemons*, 266 Ill. App. 3d 49, 52, 639 N.E.2d 610 (1994).

■ Illinois courts have not explicitly defined the type of injury necessary to sufficiently allege a cause of action under these forms of employer liability. However, precedent establishes that some form of physical injury has been alleged in each of the cases where the complaint has withstood a challenge to its legal sufficiency. See generally *Malroney v. B&L Motor Freight, Inc.*, 146 Ill. App. 3d 265, 496 N.E.2d 1086 (1986) (employee raped and assaulted victim); *Gregor v. Kleiser*, 111 Ill. App. 3d 333, 443 N.E.2d 1162 (1982) (employee physically attacked and assaulted victim); *Easley v. Apollo Detective Agency, Inc.*, 69 Ill. App. 3d 920, 387 N.E.2d 1241 (1979) (employee sexually assaulted victim); *cf. Huber v. Seaton*, 165 Ill. App. 3d 445, 519 N.E.2d 73 (1988), *rev'd on other grounds*, 186 Ill. App. 3d 503, 542 N.E.2d 464 (1989).

However, just because physical injury has been alleged in previous cases does not mean that such an allegation is a prerequisite to stating a cause of action under these forms of employer liability. The

Restatement (Second) of Agency describes the basis for these causes of action as follows:

> "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> \*\*\*
>
> > (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others;
> >
> > (c) in the supervision of the activity; or
> >
> > (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control." Restatement (Second) of Agency § 213 (1958).

A plain reading of this section reveals no requirement that a plaintiff allege physical injury, and we hold that complaints stating a cause of action for negligent or reckless hiring, supervision and retention need not allege physical injury. As such, we find that the trial court erred in dismissing counts V through VIII.

Defendants express concern that this holding will result in a "chilling effect" on free speech as media companies will be discouraged from hiring controversial broadcasters. We disagree. The issue before us is whether a complaint alleging negligent and/or reckless hiring, supervision, and retention can withstand a legal challenge under section 2—615 of the Illinois Code of Civil Procedure where the complaint does not allege physical injury. As noted above, we find that there is no requirement that physical injury be alleged. Without expressing an opinion about defendants' ultimate liability in the present case, we note that the intent of this holding is not to discourage companies from hiring controversial broadcasters; rather, the intent is to protect innocent persons from defamatory remarks.

Defendants also express concern over the burden placed on the communications industry by our holding. Specifically, defendants argue that this holding could impose liability on employers for not accurately predicting what a broadcaster might say on the air. We do not consider a review of a prospective employee's past to determine his or her fitness for a job as a broadcaster to be unduly burdensome.

For the above-stated reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings not inconsistent with the views contained herein.

Reversed and remanded.

THEIS and ZWICK, JJ., concur.