Sharion THOMAS, Plaintiff,

v.

L'EGGS PRODUCTS, INC., Defendant.

No. 97–2308.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

July 30, 1998.

These acts occurred at the L'Eggs facility where Thomas worked. Once again, Thomas alleges that the Defendant knew or should have known of Thompson's conduct, but the Defendant failed to take corrective action.

## II. Analysis

### A. Standard of Review

Scott M. Dempsey, Tummelson, Bryan & Knox, Urbana, IL, for Plaintiff.

Martin P. Greene, Eileen M. Letts, Allen P. Walker, Kevin T. Lee, Greene & Letts, Chicago, IL, for Defendant.

## ORDER

McCUSKEY, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss. This motion was originally before the Magistrate Judge. After the Plaintiff failed to timely respond to the Defendant's motion, the Magistrate Judge recommended that the Defendant's motion be granted and Count II of the Complaint consequently be dismissed with prejudice. Thereafter, on July 10, 1998, the Plaintiff filed an objection to the Magistrate's Report and Recommendation. For the reasons that follow, this Court GRANTS the Defendant's Motion to Dismiss [# 9].

### I. Facts

Count I alleges that the Plaintiff, Sharion Thomas, was an employee of the Defendant, L'Eggs Product, Inc. (a pantyhose manufacturer), at all times relevant until she was terminated on April 1, 1996. During her employment with L'Eggs, Thomas alleges that she was discriminated against based upon her sex. Specifically, she alleges she was subjected to: repeated unwelcome physical conduct of a sexual nature; unwanted sexual advances, sexual questions, and requests for sexual favors; and the constant use of sexually explicit and sexually vulgar language. Furthermore, she alleges that she repeatedly informed her supervisors of the harassment, but the supervisors failed or refused to take corrective action to end the harassment.

Count II alleges that a co-employee of Thomas, Julius Thompson, engaged in unwanted touching and otherwise harassed her.

On a motion to dismiss, all well-pleaded facts are presumed to be true. *Land v. Chicago Truck Drivers,* 25 F.3d 509, 511 (7th Cir.1994). Moreover, the court must view the allegations in the light most favorable to the plaintiff. *Gould v. Artisoft, Inc.,* 1 F.3d 544, 546 (7th Cir.1993). The complaint must, however, state sufficient allegations to establish the necessary elements for recovery under whatever legal theory plaintiff has chosen. *Glatt v. Chicago Park Dist.,* 847 F.Supp. 101, 103 (N.D.Ill.1994). Consequently, dismissal should be granted only where it is beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle her to relief. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1319–20 (7th Cir.1997).

### B. Illinois Human Rights Act

The Defendant argues that the allegations in Count II are preempted by Illinois law. Specifically, it argues that the Illinois Human Rights Act (the "Act") precludes Thomas' common law claims. Thomas responds by arguing that the Act does not preclude her common law claims because she has alleged common law torts independent of her sexual harassment claims.

The Act states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction on the subject of an alleged civil rights violation other that set forth in [the] Act." 775 ILCS 5/8–111 (C) (West 1998). Sexual harassment is defined by the Act as:

> "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when ... such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment."

775 ILCS 5/2–101(E)(3). The Illinois supreme court interprets the jurisdictional restriction of the Act to include state common law claims which are "inextricably linked" to sexual harassment claims. *Geise v. Phoenix Company of Chicago,* 159 Ill.2d 507, 518, 203 Ill.Dec. 454, 639 N.E.2d 1273, 1277 (1994). Thus, in *Geise,* the court held that a claim of negligent hiring and retention of an employee predicated upon the same facts as a sexual harassment claim was preempted by the Act. *Geise,* 159 Ill.2d at 518, 203 Ill.Dec. 454, 639 N.E.2d at 1277. In *Maksimovic v. Tsogalis,* 177 Ill.2d 511, 516–17, 227 Ill.Dec. 98, 687 N.E.2d 21, 23 (1997), the Illinois supreme court explained that in *Geise,* "[a]bsent the Act's prohibition of sexual harassment, the employer's hiring and retention of an employee whose conduct created a hostile work environment would not have been an actionable tort." Consequently, the court in *Geise* affirmed the circuit court's dismissal with prejudice of the counts alleging negligent hiring and retention because these claims were inextricably linked to the sexual harassment claim.

█ Moreover, if an Illinois state court lacks jurisdiction to hear such a claim, so does a federal district court sitting in Illinois. *See Guy v. Illinois,* 958 F.Supp. 1300, 1312 (N.D.Ill.1997). Consequently, in *Jansen v. Packaging Corp. of America,* 123 F.3d 490, 493 (7th Cir.1997), *cert. granted in part,* ─── U.S. ───, 118 S.Ct. 876, 139 L.Ed.2d 865 (1998), the Seventh Circuit Court of Appeals, relying upon *Geise,* held that a state common law claim was preempted by the Act because the claim was predicated upon the same facts as the sexual harassment claim alleged by the plaintiff.

Initially, this Court must determine what common law tort Thomas is alleging in Count II. Nowhere in the complaint does she specifically identify what common law tort the Defendant is alleged to have committed. Instead, she alleges only that the Defendant "owed Plaintiff a duty of care to take appropriate actions against Julius Thompson to protect Plaintiff ... [and] despite said duty, Defendant L'Eggs Products, Inc. failed to take appropriate action to protect Plaintiff while on the job." In her Objections to the Magistrate's Report and Recommendation, Thomas asserts that these allegations constitute the necessary elements of the intentional torts of battery and negligent retention, and the Court will therefore presume that these are the torts which Thomas is alleging in Count II.

### 1. Negligent Retention and Battery

The Illinois supreme court clearly stated in *Geise* that a claim of negligent retention predicated upon the same facts as a sexual harassment claim is preempted by the Act. *Geise,* 159 Ill.2d at 516, 203 Ill.Dec. 454, 639 N.E.2d at 1277. Notwithstanding the holding in *Geise,* Thomas claims that the Illinois supreme court's decision in *Maksimovic* allows her to avoid preemption.

In *Maksimovic,* the court sought to clarify its holding in *Geise.* The plaintiff in *Maksimovic* filed suit in the circuit court against her employer alleging that he committed the intentional torts of assault, battery and false imprisonment. The defendants argued that *Geise* required a finding that the Act preempted the claims.

The court stated that in *Geise,* "the Act furnished the legal duty that the defendant was alleged to have breached" and that "absent the Act's prohibition of sexual harassment, the employer's hiring and retention of an employee whose conduct created a hostile work environment would not have been an actionable tort." *Maksimovic,* 177 Ill.2d at 516–17, 227 Ill.Dec. 98, 687 N.E.2d at 23. Thus, according to the court in *Maksimovic,* the rule from *Geise* is that whether a "court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic,* 177 Ill.2d at 517, 227 Ill.Dec. 98, 687 N.E.2d at 23.

Applying this reasoning to the facts in *Maksimovic,* the court held that the plaintiff's tort claims were not preempted by the Act. 177 Ill.2d at 517, 227 Ill.Dec. 98, 687 N.E.2d at 23. The court found that the sexual harassment aspect of the case was "merely incidental to what are otherwise ordinary common law tort claims." *Maksimovic,* 177 Ill.2d at 517, 227 Ill.Dec. 98, 687

N.E.2d at 23. This finding was based upon the fact that "to the extent that the plaintiff has alleged the elements of each of these torts without reference to legal duties created by the Act, she has established a basis for imposing liability on the defendants independent of the Act." *Maksimovic,* 177 Ill.2d at 517, 227 Ill.Dec. 98, 687 N.E.2d at 23.

Given the standard set forth in *Maksimovic,* the first question this Court must answer is whether Thomas has sufficiently alleged the elements of negligent retention. The elements of the tort of negligent retention are: (1) the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) the employer retained the employee in his employment even after the defendant knew or should have known about the unfitness; and (3) the unfitness proximately caused the claimed injury. *Van Horne v. Muller,* 294 Ill.App.3d 649, 657, 229 Ill.Dec. 138, 691 N.E.2d 74, 79 (1998).

Thomas has sufficiently alleged the elements of negligent retention. Specifically, she alleges that the Defendant knew or should have known of "Thompson's dangerous propensities and his unfitness to continue his employment with the Defendant." Furthermore, she alleges that the Defendant, knowing of Thompson's unfitness, still retained him, and, as a result, Thomas was injured. Thus, all three elements of negligent hiring have been alleged.

However, the Court must next determine whether the alleged tort is "inextricably linked" to the sexual harassment claim. *See Geise,* 159 Ill.2d at 517, 203 Ill.Dec. 454, 639 N.E.2d at 1277. As stated previously, a tort claim is inextricably linked to a sexual harassment claim if the plaintiff has established a basis for imposing liability on the defendants independent of the Act. *Maksimovic,* 177 Ill.2d at 517, 227 Ill.Dec. 98, 687 N.E.2d at 23. This Court finds that the negligent hiring claim is inextricably linked to the sexual harassment claim.

Thomas' allegations in Count I are generic allegations of sexual harassment in that Count I alleges unwelcome physical conduct without reference to specific instances. Although Count II does contain a specific allegation regarding physical conduct not explicitly stated in Count I, reading the complaint as a whole, it is clear that the conduct complained of in Count II is a specific instance of the general conduct alleged in Count I— namely, physical contact amounting to sexual harassment. As such, the negligent retention claim is predicated upon the same facts as the sexual harassment claim. Therefore, the negligent hiring claim is "inextricably linked" to the sexual harassment claim and is preempted by the Act. *See Geise,* 159 Ill.2d at 517, 203 Ill.Dec. 454, 639 N.E.2d at 1277.

Furthermore, the Court notes that although Thomas seeks to rely on *Maksimovic* to avoid preemption, *Maksimovic* did not involve a claim of negligent retention. Rather, the torts alleged in *Maksimovic* were assault, battery, and false imprisonment. *Maksimovic,* 177 Ill.2d at 514, 227 Ill.Dec. 98, 687 N.E.2d at 22. However, *Geise* did involve the tort of negligent retention, and there the court explicitly found that the claim of negligent retention was inextricably linked with the sexual harassment claim. *Geise,* 159 Ill.2d at 517, 203 Ill.Dec. 454, 639 N.E.2d at 1277; *see also Jansen,* 123 F.3d at 493. Likewise, in the instant case, the negligent retention claim is inextricably linked to the sexual harassment claim, and the tort claim is therefore preempted by the Act.

### 2. Battery

In her Objections to the Magistrate Judge's Report and Recommendation, Thomas also asserts that Count II also alleges a battery which is not subject to preemption. The Court, however, finds that the battery claim is also inextricably linked with the sexual harassment claim.

*Maksimovic* requires a court to inquire whether the employer's liability arises from the Act or from a source independent of the Act. Illinois law provides:

> A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

720 ILCS 5/12–3 (West 1993). However, it is well established that for an employer to be vicariously liable for an employee's intentional torts, the doctrine of respondeat superior requires that the tort be committed within the scope of employment. *Pyne v. Witmer*, 129 Ill.2d 351, 359, 135 Ill.Dec. 557, 543 N.E.2d 1304, 1308 (1989). Although no precise definition has been accorded the term "scope of employment" (*Pyne*, 129 Ill.2d at 359, 135 Ill.Dec. 557, 543 N.E.2d at 1308), the Illinois supreme court noted that the following broad criteria have been enunciated:

> (1) Conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master.

*Pyne*, 129 Ill.2d at 360, 135 Ill.Dec. 557, 543 N.E.2d at 1308.

Thomas' allegations do not allow an inference that the alleged tort committed by Thompson was within the scope of his employment because, clearly, sexually harassing and battering a co-employee is by definition not within the job description of an employee of a pantyhose manufacturer. Thus, the allegations contained in Count II do not constitute a "classic common law tort action" as Thomas asserts, but instead are an attempt to make an employer vicariously liable for an employee's intentional tort made outside of the scope of employment—a result not recognized at common law in Illinois. Consequently, traditional Illinois tort law does not provide Thomas a way of making the Defendant liable for Thompson's battery of her.

Thus, the only theory which would allow Thomas to hold the Defendant liable for Thompson's battery is the through the sexual harassment provisions of the Act. However, *Geise* and *Maksimovic* are clear in holding that where liability is premised upon the Act, the claim is preempted. *Maksimovic*, 177 Ill.2d at 517, 227 Ill.Dec. 98, 687 N.E.2d at 23. Thomas is therefore deprived of any means by which she can hold the Defendant liable for Thompson's battery of her.

Although Thomas relies on *Maksimovic* for the proposition that an employer may in fact be held liable for the tort of battery independent of a liability theory premised on the Act, *Maksimovic* is factually distinguishable from the present case. Unlike the case before this Court, the defendant in *Maksimovic* was *both* the employer and the *actual tort-feasor*. *Maksimovic*, 177 Ill.2d at 514, 227 Ill.Dec. 98, 687 N.E.2d at 22. Indeed, the defendant restaurant was owned and operated by the defendant tort-feasor. *Maksimovic*, 177 Ill.2d at 514, 227 Ill.Dec. 98, 687 N.E.2d at 22. Consequently, liability in *Maksimovic* rested with the defendants through a theory independent of any duty created by the Act, namely, Illinois' common law of battery. This same theory is not available to Thomas in the present case, however, because the employer and the tort-feasor are distinct (the alleged tort-feasor Thompson not a named defendant), and, as already discussed, Illinois does not provide a means of holding an employer liable for the intentional torts of an employee committed outside the scope of employment.

In sum, Thomas' battery claim must fail because her claim is inextricably linked to her sexual harassment claim. Specifically, Illinois law does not allow an employer to be held liable for the intentional torts of an employee committed outside the scope of employment. Consequently, Thomas' only means of imposing liability upon the Defendant is through the Act. Illinois law, however, requires that claims where liability is premised upon the Act be preempted, thereby depriving this Court of jurisdiction.

### III. Conclusion

For the foregoing reasons, the Court finds that the Plaintiff's common law claims are inextricably linked to her sexual harassment claim. Consequently, Count II is preempted by the Illinois Human Rights Act. The Defendant's Motion to Dismiss Count II[# 9] is therefore GRANTED. This case is referred back to the Magistrate Judge for further proceedings.