(No. 81493.—

RADA MAKSIMOVIC, Appellant, v. WILLIAM T. TSOGALIS *et al.*, Appellees.

*Opinion filed October 17, 1997.*

512

Gregory A. Adamski, Karen Conti and Joyce M. Murphy, of Adamski & Conti, of Chicago, and Colleen Flynn, law student, for appellant.

Max G. Brittain, Jr., Jane M. McFetridge and Wendy L. Nutt, of Brittain, Sledz, Morris & Slovak, of Chicago, for appellees.

Fay Clayton, Judi A. Lamble and Michael La Porte, of Robinson, Curley & Clayton, P.C., and Clyde E. Murphy and Cynthia Wilson, all of Chicago, for *amici curiae* Chicago Lawyers' Committee for Civil Rights Under Law, Inc., *et al.*

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Laura M. Wunder, Assistant Attorney General, of Chicago, of counsel), for *amicus curiae* Illinois Human Rights Commission.

Ralph A. Gabric, Dennis A. Rendleman, Athena T. Taite, Mary Lee Leahy and J. Brian Heller, of Springfield, for *amicus curiae* Illinois State Bar Association.

Gina S. McClard, of Springfield, for *amicus curiae* Illinois Coalition Against Sexual Assault.

H. Kent Heller, of Heller, Holmes & Associates, P.C., of Mattoon, for *amicus curiae* Illinois Trial Lawyers Association.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for *amicus curiae* Chicagoland Chamber of Commerce.

Mark S. Killion, of Springfield, and Gerald L. Maatman, Jr., Michael A. Pollard and William Lynch Schaller, of Baker & McKenzie, of Chicago, for *amicus curiae* Illinois Manufacturers' Association.

JUSTICE HEIPLE delivered the opinion of the court:

Must a claim of intentional tort related to allegations of sexual harassment be litigated before the Illinois Human Rights Commission (the Commission), or, stated differently, does the exclusive remedy provision of the Illinois Human Rights Act (Act) (775 ILCS 5/8—111(C) (West 1994)) divest the circuit court of jurisdiction to adjudicate such common law tort claims? This court visited this question in *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 517 (1994), and held that where a tort claim is "inextricably linked" to claims of sexual harassment such that there is "no independent basis for imposing liability" apart from the Act itself, those claims must be litigated before the Commission—and only before the Commission. We allowed the instant plaintiff leave to appeal (155 Ill. 2d R. 315) so that we could clarify the scope of this court's holding in *Geise* as it regards tort claims which, though related to sexual harassment, have an independent basis in the common law.

We conclude that the plaintiff's common law tort claims of assault, battery and false imprisonment are not inextricably linked with claims of sexual harassment, because the plaintiff has established the necessary elements of each tort independent of any legal duties created by the Act. The plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act, and therefore the circuit court does have jurisdiction to adjudicate the plaintiff's common law tort claims. We reverse and remand.[1]

I

This case comes to us on a grant of summary judgment, so our review is *de novo*. *McInerney v. Charter Golf, Inc.*, 176 Ill. 2d 482, 484 (1997). From October 1992 until August 1993, Rada Maksimovic worked as a waitress at a restaurant owned and operated by William T. Tsogalis located in Des Plaines, Illinois. Maksimovic quit her job after Tsogalis allegedly made repeated sexual advances towards her.

Subsequently, Maksimovic filed a complaint with the Illinois Human Rights Commission in November 1993, alleging that she was the victim of sexual harassment at the hands of her former manager, Tsogalis, and she sought back pay and reinstatement. Several months later, Maksimovic filed an action for damages in the circuit court of Cook County against defendants William T. Tsogalis, William T. Inc., d/b/a Tiffany's Restaurant, and P.C. Partners, d/b/a Comfort Inn. In the three counts of the complaint relevant to this appeal, the plaintiff alleged that Tsogalis committed the intentional torts of assault, battery and false imprisonment. In the

---

[1]In view of our holding, we need not reach the various constitutional issues raised in the *amicus* briefs filed on behalf of the plaintiff.

assault count, Maksimovic alleged that Tsogalis threat-
ened to "give her a stiff one up the ass," ordered her to
perform oral sex on him, made comments about her
breasts and accused her of being too friendly with the
customers. In the battery count, the plaintiff alleged
that Tsogalis placed his hand under her skirt and
grabbed her leg, grabbed her buttocks and touched her
while attempting to kiss her. In the false imprisonment
count, the plaintiff alleged that Tsogalis confined her in
a walk-in cooler where he made sexual advances toward
her.

The circuit court held that it lacked subject matter
jurisdiction to adjudicate the plaintiff's case because her
tort claims were in the nature of sexual harassment and
granted summary judgment for the defendants. The ap-
pellate court affirmed and held that the circuit court
was without jurisdiction to adjudicate claims of inten-
tional tort related to allegations of sexual harassment:
"Because the fundamental nature of plaintiff's claims
are offensive touchings of a sexual nature and she can-
not support a cause of action independent of these al-
legations, her claims for assault, battery, and false
imprisonment are barred by the Act and *Geise*." 282 Ill.
App. 3d 576, 586.

## II

Our analysis of whether the Act precludes the circuit
court from adjudicating common law tort claims related
to allegations of sexual harassment naturally begins
with a careful reading of the statute. The Act provides
in relevant part:

> "Except as otherwise provided by law, no court of this
> state shall have jurisdiction over the subject of an alleged
> civil rights violation other than as set forth in this Act."
> 775 ILCS 5/8—111(C) (West 1994).

The Act goes on to state that it is a "civil rights viola-
tion" for any employer or employee "to engage in sexual

harassment." 775 ILCS 5/2—102(D) (West 1994). Sexual harassment is defined as:

> "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when *** such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2—101(E) (West 1994).

Thus, this court has held that if a common law action is in essence one which seeks redress for a "civil rights violation" as defined by the Act and there is no basis for the action other than the Act, the circuit court lacks jurisdiction to adjudicate the claim. *Geise*, 159 Ill. 2d at 516; *Mein v. Masonite Corp.*, 109 Ill. 2d 1, 7 (1985).

But does the Act preclude the circuit court from exercising jurisdiction over *all* tort claims factually related to incidents of sexual harassment? Our appellate court answered "yes," construing *Geise* as barring the circuit court from hearing any claim of intentional tort related to allegations of sexual harassment. 282 Ill. App. 3d at 585. The appellate court's reading of *Geise*, however, is overly broad.

In *Geise*, the plaintiff alleged that her employer negligently hired and retained a manager who sexually harassed the plaintiff. *Geise*, 159 Ill. 2d at 511-12. This court observed that, but for the Act's proscription against sexual harassment, the plaintiff would have had no legally cognizable claim against her employer. *Geise*, 159 Ill. 2d at 517. Although the plaintiff in *Geise* dressed her claims as "negligent hiring" and "negligent retention," the allegations of negligence on the part of the employer were premised on the allegation that the employer hired and retained a manager who engaged in sexual harassment. *Geise*, 159 Ill. 2d at 518. Absent the Act's prohibition of sexual harassment, the employer's hiring and retention of an employee whose conduct created a hostile work environment would not have been

an actionable tort. That is to say, in *Geise* the Act furnished the legal duty that the defendant was alleged to have breached. This court held that such tort claims were in essence claims of a "civil rights violation" and, accordingly, could only be brought before the Commission. *Geise*, 159 Ill. 2d at 518. The rule from *Geise* is not that the Act precludes the circuit court from exercising jurisdiction over *all* tort claims related to sexual harassment. Rather, whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself.

The issue in this case then is whether the plaintiff's claims of assault, battery and false imprisonment are inextricably linked to her claim of sexual harassment. Clearly under the standard of *Geise* they are not. The sexual harassment aspect of this case is merely incidental to what are otherwise ordinary common law tort claims. The plaintiff here has alleged facts sufficient to establish the elements of assault, battery and false imprisonment. These are long-recognized tort actions which exist wholly separate and apart from a cause of action for sexual harassment under the Act. To the extent that the plaintiff has alleged the elements of each of these torts without reference to legal duties created by the Act, she has established a basis for imposing liability on the defendants independent of the Act. Therefore, the plaintiff's tort claims are not inextricably linked to a civil rights violation and the circuit court may exercise jurisdiction over these tort claims.[2]

Our holding here, as in *Geise*, rests squarely on the

---

[2]We acknowledge the general policy preference in favor of consolidating litigation. The legislature, however, must have been aware of the potential for duplicative litigation that it created when it devised the Commission. Nevertheless, we observe that a

language of the Act and the policy underlying it. Common law rights and remedies are in full force in this state unless repealed by the legislature or modified by the decision of our courts. 5 ILCS 50/1 (West 1994); *People v. Gersch*, 135 Ill. 2d 384, 395-97 (1990). A legislative intent to abrogate the common law must be clearly and plainly expressed, and such an intent will not be presumed from ambiguous or doubtful language. *Barthel v. Illinois Central Gulf R.R. Co.*, 74 Ill. 2d 213, 220-22 (1978). The provision of the Act at issue here—which by its terms provides an exclusive remedy for "civil rights violations"—makes no mention of common law actions. A legislative intent to abolish all common law torts factually related to sexual harassment is not apparent from a plain reading of the statute.

An action to redress a civil rights violation has a purpose distinct from a common law tort action. A civil rights action under the Act is designed, in part, to eradicate sexual harassment in the workplace. 775 ILCS 5/1—102(B) (West 1994). To achieve this goal, the legislature saw fit to create a Commission vested with exclusive jurisdiction over sexual harassment claims amounting to civil rights violations. This grant of exclusive jurisdiction was intended to promote the efficient and uniform processing of state civil rights claims—*not* common law tort claims. Assault, battery and false imprisonment existed long before the legislature became interested in sexual harassment and are intended to redress violations of bodily integrity and personal liberty. See 3 W. Blackstone, Commentaries *119-20, 127-28. The adjudication of tort claims has traditionally been within the province of our courts, and we can find nothing in the language of the Act, or the

plaintiff has but one satisfaction for an injury, regardless of the number of legal theories he or she may advance. *Dial v. City of O'Fallon*, 81 Ill. 2d 548, 558 (1980).

policy underlying it, which indicates that the legislature intended to preclude the circuit court from exercising jurisdiction over all tort claims related to incidents of sexual harassment.

### III

We conclude that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act. In such a case, the plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act, and therefore the circuit court does have jurisdiction to adjudicate the plaintiff's common law tort claim.

The judgments of the circuit and appellate courts are reversed and the cause is remanded to the circuit court for further proceedings.

*Judgments reversed;*
*cause remanded.*