Rosalind **WARNELL**, Suzette Wright, Madonna Howarth, Cynthia Smith, Beryl Parker, Sharon Dunn, Vera Boyland, and Latanja Manson, each individually and on behalf of other similarly situated persons, Plaintiffs,

v.

**FORD MOTOR COMPANY,** Ford Chicago Stamping Plant and Ford Chicago Assembly Plant, Defendants.

No. 98 C 1503.

United States District Court, N.D. Illinois, Eastern Division.

May 18, 1999.

See also 1999 WL 322600.

Keith L. Hunt, Keith L. Hunt & Associates, P.C., Chicago, IL, Katherine Ann Rodosky, Hunt & Associates, P.C., Chicago, IL, Edward R. Vrdolyak, Attorney at Law, Tinley Park, IL, for plaintiffs.

James W. Gladden, Jr., Marcia E. Goodman, Maritoni D. Kane, Kristen Wenstrup Crosby, Shannon Michelle Moritz, Mayer, Brown & Platt, Chicago, IL, Brian D. Boyle, Evelyn L. Becker, Teresa Kwong, O'Melveny & Myers, Washington, DC, Catherine B Hagen, Mark Teuton, O'Melveny & Myers, Newport Beach, CA, for Ford Motor Company, defendant.

James W. Gladden, Jr., Marcia E. Goodman, Maritoni D. Kane, Kristen Wenstrup Crosby, Shannon Michelle Moritz, Mayer, Brown & Platt, Chicago, IL, Samuel Fifer, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Ford Stamping Plant, defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs brought this action against Ford Motor Company, Ford Chicago Stamping Plant, and Ford Chicago Assembly Plant ["Ford"] on behalf of a purported class including all present and former employees in the Ford organization who work or have worked at the Ford Chicago Assembly Plant and Stamping Plant from 1993 through the present time. The plaintiffs allege federal claims for sexual harassment, sex discrimination, race discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and for race discrimination in violation of 42 U.S.C. § 1981. In addition, the plaintiffs allege state claims for assault, battery, intentional infliction of emotional distress, and negligent retention. Ford moves to dismiss the intentional infliction of emotional distress and negligent retention claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is denied, but certain paragraphs relating to the negligent retention claims are stricken from the complaint.

### Background

In June 1998, Ford filed a motion to dismiss the plaintiffs' intentional infliction of emotional distress and negligent retention claims for lack of subject matter jurisdiction. Ford argued that these claims were preempted by the Illinois Human Rights Act ["IHRA"], which states that "[e]xcept as otherwise provided by law, no

court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8–111(C). In an October 21, 1998 memorandum opinion and order I held that under the Illinois Supreme Court's decision in *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 687 N.E.2d 21, 227 Ill. Dec. 98 (1997), I had subject matter jurisdiction over the intentional infliction of emotional distress claims, and that I had subject matter jurisdiction over the negligent retention claims to the extent plaintiffs stated those claims independently of causes of action created by the IHRA.

On December 17, 1998, the plaintiffs filed an amended complaint. Ford again moved to dismiss the intentional infliction of emotional distress claims and to dismiss certain aspects of the negligent retention claims, on the same grounds as its previous motion. Shortly thereafter, Ford submitted supplemental authority, *Smith v. Chicago School Reform Bd. of Trustees*, 165 F.3d 1142 (7th Cir.1999), in support of its motion. Ford argues that in light of *Smith*, the intentional infliction of emotional distress claims and negligent retention claims should be dismissed in their entirety.

### Motion to Dismiss

■ The Illinois Supreme Court has held that "whether [a court] may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic*, 687 N.E.2d at 23, 227 Ill.Dec. at 100. A tort claim under the common law "is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA]." *Id.* at 24, 227 Ill.Dec. at 101.

In *Smith*, the district court dismissed the plaintiff's intentional infliction of emotional distress claim after trial because the plaintiff "had pitched her entire case on the theory that she is a victim of racial harassment and retaliation...." *Smith*, 165 F.3d at 1151. The Seventh Circuit agreed, explaining,

> *Maksimovic* holds that torts independent of any civil-rights claims remain subject to judicial rather than administrative adjudication, but like the district court we think it clear that Smith's state-law theories sound primarily in racial discrimination and thus are not independent of civil rights law. Racial discrimination was not "merely incidental" to a mundane tort, as in *Maksimovic*, [citation omitted]; it is the core of Smith's theory. *Id.*

■ The court in *Smith* does not discuss the plaintiff's intentional infliction of emotional distress claim other than to say that racial discrimination was the core of her state law theories at trial. *Smith* does not change the result in the case at bar, at least at this point in the proceeding. As discussed in the previous opinion, the plaintiffs in this case have made allegations that could constitute an intentional infliction of emotional distress claim and a negligent retention claim against Ford independently of the civil rights claims. *Warnell v. Ford Motor Co.*, 1998 WL 748328 (N.D.Ill.1998). The plaintiffs allege knowledge by Ford of conduct that, "if proved, could be found to be extreme and outrageous." *Id.* at *2 n. 2. In addition, plaintiffs have stated a claim for negligent retention based on the allegations of assault, battery, and intentional infliction of emotional distress.[1] *Id.* at *4–5. It is premature to speculate whether after discovery is complete the evidence will sup-

---

1. Ford argues that since the intentional infliction of emotional distress claims rely solely on allegations of civil rights violations, the negligent retention claims of those plaintiffs who allege intentional infliction of emotional distress but not assault and battery should be dismissed. However, inasmuch as I have found that plaintiffs' allegations state claims for intentional infliction of emotional distress and negligent retention independently of the IHRA, Ford's argument fails.

port the common law claims independently of the civil rights claims. Therefore Ford's motion to dismiss the common law claims on the same grounds as its previous motion is denied.[2]

█ Ford also moves to dismiss certain paragraphs of the complaint relating to the negligent retention claims. In the previous opinion, I held that the negligent retention claims are not preempted to the extent the plaintiffs state those claims independently of causes of action created by the IHRA, and I struck from the negligent retention claims all references to causes of action created by the IHRA. *Warnell*, 1998 WL 748328 at *3. Ford's motion to dismiss certain paragraphs of the negligent retention claims referring to IHRA causes of action from the amended complaint is uncontested, and since the plaintiffs cannot rely on causes of action created by the IHRA for the negligent retention claim, I will strike paragraphs 93, 95(b), 144, 146(b), 185, 187(b), 239, 241(b), 375, and 377(b) from the amended complaint. In addition, I will strike paragraphs 95(a), 95(d), 146(a), 146(d), 187(a), 187(d), 241(a), 241(d), 377(a), and 377(d) to the extent they allege that Ford was negligent in failing to investigate the background of employees who allegedly engaged in sexual harassment and discrimination, and in failing to protect current and future workers against harassment, discrimination, and retaliation. Paragraphs (b), (c), (d), and (g) in counts 9, 18, 25, 34, and 55 are also stricken to the extent they seek remedies available under civil rights law rather than common law tort theories.

### Conclusion

For the foregoing reasons, Ford's motion to dismiss the intentional infliction of emotional distress and negligent retention claims is denied, but I will strike certain paragraphs of the amended complaint to the extent discussed above.

---

**2.** Ford also argues that the intentional infliction of emotional distress claims should be dismissed as in *Westphal v. City of Chicago*, 8 F.Supp.2d 809 (N.D.Ill.1998). *Westphal* is distinguishable. In *Westphal*, the intentional infliction of emotional distress claim was dismissed because, "[i]f the defendants' alleged actions were not prohibited by the discrimination laws, the plaintiffs would have no independent basis for their ... claims." *Id.* at 812. Essentially the plaintiffs alleged that they suffered emotional distress because they were denied equal employment opportunities. *Id.*