Althea **RAPIER, Jodi Farris, Rhonda Evans, Gwajuana Gray, Victoria Williams, and Deanne Harrigan, Individually and as Class Representatives, Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

No. 98 C 5287.

United States District Court,
N.D. Illinois,
Eastern Division.

May 18, 1999.

Daniel L. Berger, Bernstein, Litowitz, Berger & Grossmann LLP, New York City, Darnley Stewart, Nancy Lipin, Berger, Litowitz, Berger & Grossman, New York City, Vanessa L. Vanessa Smith, Attorney at Law, Chicago, IL, for plaintiffs.

James W. Gladden, Jr., Marcia E. Goodman, Maritoni D. Kane, Kristen Wenstrup Crosby, Susan E. Provenzano, Mayer, Brown & Platt, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs brought this action against Ford Motor Company ["Ford"] on behalf of themselves and a purported class of all women employed at the Ford Assembly Plant or Ford Stamping Plant between January 15, 1996 and the present time. The plaintiffs allege claims for sexual harassment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as state claims for intentional infliction of emotional distress, negligent supervision, and negligent retention. Ford moves to dismiss all of the state claims for lack of subject matter jurisdiction, and the

negligent supervision and retention claims for failure to state a claim. For the following reasons, the motion is denied.

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Ford argues that the plaintiffs' common law tort claims should be dismissed for lack of subject matter jurisdiction because they are preempted by the Illinois Human Rights Act ["IHRA"]. Pursuant to the IHRA, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8–111(C). The Illinois Supreme Court has held that "whether [a court] may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 687 N.E.2d 21, 23, 227 Ill.Dec. 98, 100 (1997). This means that "a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA]." *Id.* at 24, 227 Ill.Dec. at 101.

In the first amended class action complaint [the "complaint" ], the plaintiffs have made allegations that constitute intentional infliction of emotional distress, negligent supervision, and negligent retention claims independently of any legal duties created by the IHRA.[1] As did the plaintiffs in the related case of *Warnell v. Ford Motor Co.*, 98 C 1503, the plaintiffs in the case at bar have alleged that Ford employees and supervisors "repeatedly subjected [them] to both verbal and physical confrontation, and continued to do so with the knowledge of Ford management." *Warnell v. Ford Motor Co.*, 1998 WL 748328, *2 n. 2. (N.D.Ill.1998). The alleged conduct includes intentionally dump-

---

1. After Ford filed the motion to dismiss, the plaintiffs were granted leave to file an amended complaint, the first amended class action complaint.

ing a pail of urine on a plaintiff, and, "if proved, could be found to be extreme and outrageous." *Id.* The plaintiffs also allege numerous incidents of unwanted touching. Further, the complaint alleges that Ford was aware of the alleged conduct and that Ford permitted it. Like the plaintiffs in the related case, the plaintiffs in the case at bar have made allegations that constitute common law torts independently of civil rights laws. Based on the allegations of the complaint, I have subject matter jurisdiction over the intentional infliction of emotional distress claim and the negligent supervision and retention claims to the extent that those claims are based on unwanted touching and infliction of emotional distress rather than allegations of sexual harassment, sex discrimination, and retaliation.

In support of its motion to dismiss for lack of subject matter jurisdiction, Ford cites to *Smith v. Chicago School Reform Bd. of Trustees,* 165 F.3d 1142 (7th Cir. 1999), decided after *Warnell.* The district court in *Smith* dismissed the plaintiff's intentional infliction of emotional distress claim after trial, ruling that the plaintiff "had pitched her entire case on the theory that she is a victim of racial harassment and retaliation...." *Smith,* 165 F.3d at 1151. Affirming this ruling, the Seventh Circuit explained that "*Maksimovic* holds that torts independent of any civil-rights claims remain subject to judicial rather than administrative adjudication, but like the district court we think it clear that [the plaintiff's] state-law theories sound primarily in racial discrimination and thus are not independent of civil rights law." *Id.* The court does not discuss the details of the plaintiff's emotional distress claim other than to say that racial discrimination was the core of her theory. *Id.* As discussed above, the plaintiffs in the case at bar have adequately alleged their tort claims without relying on civil rights law; it is premature to speculate whether, after discovery, the evidence will support the tort claims independently of the civil rights claims. Therefore Ford's motion to dismiss the tort claims for lack of subject matter jurisdiction is denied.

### Motion to Dismiss for Failure to State a Claim

█ Ford also moves to dismiss the negligent supervision and retention claims for failure to state a claim. Essentially Ford argues that these claims should be dismissed because the facts alleged in the complaint do not support the allegation that Ford was aware of any employee's unfitness. Whether Ford knew or should have known of an employee's unfitness, however, is a question that cannot be resolved on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

█ On a Rule 12(b)(6) motion to dismiss, allegations in the complaint must be construed liberally, in the light most favorable to the plaintiff. *Harrell v. Cook,* 169 F.3d 428, 431 (7th Cir.1999). The plaintiffs have adequately put Ford on notice of their claims for negligent supervision and hiring by alleging that Ford employees, managers, and supervisors subjected the plaintiffs to conduct including infliction of emotional distress and unwanted touching, that Ford knew or should have known of the conduct but retained the employees and permitted the conduct, and that as a proximate cause the plaintiffs were harmed. The complaint names numerous specific employees. Furthermore, plaintiffs are not required to allege all of the facts underlying their claims in the complaint, which "limns the claim[s]; details of both fact and law come later, in other documents." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992). A determination of whether the evidence ultimately will support the claims—independently of sexual harassment, discrimination, or retaliation—is premature. Therefore Ford's motion to dismiss the negligent supervision and retention claims for failure to state a claim is denied.

*Conclusion*

For the reasons discussed above, Ford's motion to dismiss all of the plaintiffs' common law claims for lack of subject matter jurisdiction, and the negligent supervision and retention claims for failure to state a claim, is denied.