Lisa M. BEARD, Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 03 C 3527.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 2, 2004.

Eugene A. Boyle, Michael F. Hughes, Neal, Gerber & Eisenberg, Lisa M. Beard, pro se, Chicago, IL, for plaintiff.

Nancy L. Van Allen, Naomi Ann Avendano, Joseph Francis Graham, City of Chicago, Law Department, Corporation Counsel, Mara Stacy Georges, Corporation Counsel, City of Chicago, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Lisa M. Beard, an African-American female who suffers from major depression, was employed as a paramedic for the City of Chicago Fire Department ("CFD") from April 1, 1993 until her termination on November 14, 2002. Ms. Beard's complaint against defendant City of Chicago ("City") alleges violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), (Count I); race discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq., (Count II); sex discrimination in violation of Title VII, (Count III); race discrimination in violation of 42 U.S.C. § 1981 (Count IV); violation of 42 U.S.C. § 1983 (Count V); and intentional infliction of emotional distress (Count VI). The City moves to dismiss Counts IV, V, and VI, as well as the prayer for punitive damages. I grant the motion in part.

### I.

The City first moves to dismiss Counts IV and V, which allege violations of § 1981 and § 1983, respectively. On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir.1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in her claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir.1998).

To allege a violation of her rights under either § 1981 or § 1983, Ms. Beard must allege "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a

widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3)[her] constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Ms. Beard does not allege an express policy on the part of the City. However, her allegations are sufficient under the third *McCormick* factor to withstand a motion to dismiss.

## II.

■■■ The City also moves to dismiss Count VI, a state law claim of intentional infliction of emotional distress. The City argues that the claim is preempted under the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/1–101 *et seq.* "Under Illinois law, when the allegation on which a state law is based constitute a civil rights violation under the Illinois Human Right Act (IHRA), the tort is preempted." *Westphal v. City of Chicago*, 8 F.Supp.2d 809, 811–12 (N.D.Ill.1998). The City argues that Ms. Beard's claim of intentional infliction of emotional distress is based solely on her allegations that the City discriminated against her on the basis of her disability, her sex, and race.

■■■ The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than set forth in this Act." 775 ILCS 5/8–111(C). Discrimination based on a disability, race, or sex is prohibited by the IHRA, 775 ILCS 5/1–102(A). The Illinois Supreme Court has stated that if a state common law claim is "inextricably linked" to the allegation of discrimination, it is within the purview of the IHRA and must be brought in front of the Illinois Human Rights Commission. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273, 1277 (1994); *accord Maksimovic v. Tsogalis*, 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21 (1997). To ascertain whether a common law claim is "inextricably linked" to a discrimination claim, I must determine whether Ms. Beard has alleged the elements of the common law claim "without reference to the legal duties created by the [IHRA]." *Maksimovic*, 227 Ill.Dec. 98, 687 N.E.2d at 23. In other words, there must still exist a foundation for the emotional distress claim even if the City's conduct was not discriminatory.[1] *Silk v. City of Chicago*, No. 95–C143, 1997 WL 790598, at *16–17 (N.D.Ill. Dec.17, 1997).

Ms. Beard alleges that the City inflicted emotional distress on her in a number of ways: (1) presenting her with a "last chance agreement" after she tested positive for cocaine; (2) requiring her to reside in a halfway house for three months; (3) misleading her into thinking that if she fulfilled the terms of the "last chance agreement," she would be reinstated; (4) refusing to allow her to return to work; and (5) forcing her to apply for a pension. The only factual allegations that Ms. Beard presents solely for her emotional distress claims are that the City had the intent to inflict emotional distress on Ms. Beard and that the City's conduct was extreme and outrageous. Ms. Beard's claims depend on the theory that she was discriminated against because of her disability, race, and sex. If the conduct she alleges is not discriminatory, she has no basis for her claim of intentional infliction of emotional distress. Thus, Count VI is

---

1. Ms. Beard argues that the standard is that preemption does not apply when she does not claim that the City's actions were extreme and outrageous *because* they were in violation of the IHRA. This statement of the standard for preemption is not correct.

"inextricably linked" to her discrimination claims and must be dismissed.

## III.

The City finally moves to strike Ms. Beard's prayer for punitive damages, arguing that municipalities are immune from punitive damages imposed under the civil rights laws. *See, e.g., Newport v. Fact Concerts,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Ms. Beard concedes this point, and the prayer for punitive damages is stricken.