In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-2029

NEREIDA MENDEZ,

*Plaintiff-Appellee,*

*v.*

PERLA DENTAL and DENTAL PROFILE,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:04-cv-04159—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED OCTOBER 28, 2010—DECIDED MAY 24, 2011

Before MANION, ROVNER, and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* Plaintiff-Appellee Nereida Mendez brought a complaint against her former employer Perla Dental and Dental Profile (collectively "Perla") alleging gender discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., retaliation in violation of Title VII, assault and battery, intentional infliction of emotional distress, retaliatory

discharge in violation of Illinois law, and claims under the Fair Labor Standards Acts, 29 U.S.C. §§ 201 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. A jury found for Mendez on all claims and awarded Mendez compensatory and punitive damages, overtime damages, and lost wages.

On appeal, the defendants argue that the court lacked subject matter jurisdiction over the retaliatory discharge claim, and that both the decision on that claim and the punitive damages award based on it must be vacated. The defendants acknowledge that this appeal is the first time they have raised the jurisdictional issue, but they point out that issues of subject matter jurisdiction are never waived and can be raised at any point in the proceeding. *See Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).

Because the appeal involves a narrow claim, we will set forth only the general facts relevant to that issue. The evidence at trial demonstrated that the defendants maintained an environment of ongoing verbal and physical sexual harassment of female employees, refused repeatedly to change that environment, and ultimately terminated Mendez for her complaints of mistreatment. Mendez's complaints took a variety of forms. She complained of sexual harassment to the office manager, the assistant office manager, and the general manager, but those complaints resulted in no changes in the environment, and in fact caused her to be criticized and ridiculed in front of the other employees. In addition, she complained to the police when one incident resulted in physi-

cal injury to her. In that incident, Dr. Dajani pushed her to the floor after she refused his suggestion that she date Dr. Ahmed. She injured her back in that fall and received treatment in the emergency room. She then filed a police report concerning that incident. That action caused an escalation in the harassment. Mendez introduced testimony that when she gave the defendants the bill from her hospital visit, the owner stated "[w]ho do you think you are bringing the police into our office," and then told her she was fired and had her escorted from the building.

The essence of the subject matter jurisdiction contention is that the claim presented to the jury was one of unlawful discrimination over which the Illinois Human Rights Commission ("the "Commission") had exclusive jurisdiction. The Illinois Human Rights Act (the "Act") establishes a comprehensive administrative procedure to address civil rights violations. *See Blount v. Stroud*, 904 N.E.2d 1, 7 (Ill. 2009). That Act is violated if an employer retaliates against any individual for complaining about sexual harassment. Pursuant to that Act, the Commission has exclusive jurisdiction over claims of civil rights violations. *Id.*; 775 ILCS 5/8-111(C). Therefore, if Mendez's retaliatory discharge claim was inextricably intertwined with her complaints of sexual harassment, that claim should have been brought before the Commission. A claim is inextricably linked with the Act if the Act furnishes the legal duty that the employer is alleged to have violated, such as the duty to refrain from discriminating against or sexually harassing an employee. *Blount*, 904 N.E.2d at 8-10. Where the complaint alleges

a tort recognized at common law, such that the elements of the tort can be established without reference to the legal duties created by the Act, the state law claim is not preempted by the Act. *Id.* at 8-9; *Bannon v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006); *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997).

The parties agree, however, that at the time the complaint was filed, the district court had subject matter jurisdiction over the Illinois retaliatory discharge claim because the claim had an independent basis. In addition to the claims based on sexual harassment, the complaint also alleged that she was fired for filing a police report concerning the assault. The defendants concede that a discharge for filing a police report is an Illinois common law tort without reference to the duties created by the Act, and therefore not within the exclusive jurisdiction of the Commission. *See Blount,* 904 N.E.2d at 9. That ends our inquiry. Subject matter jurisdiction is determined as of the filing of a complaint, and with a few exceptions not relevant here, is not lost as a result of subsequent developments in a case. *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). In *Cunningham Charter*, we identified some of those exceptions, such as where a class becomes moot in the course of litigation, or where a plaintiff amends away jurisdiction in a subsequent pleading.

The defendants do not point to any such circumstances here, but argue that Mendez essentially abandoned her

claim of retaliatory discharge based on the filing of the police report, leaving only the sexual harassment underpinnings for the claim and depriving the district court of subject matter jurisdiction. This argument and conclusion are legally flawed. In fact, the Illinois Supreme Court rejected a nearly-identical argument in *Blount*. The plaintiff in *Blount* was fired because she refused to commit perjury in a co-worker's discrimination suit against Blount's employer. 904 N.E.2d at 9-10. The Illinois Supreme Court recognized that a retaliatory discharge premised upon that refusal to commit perjury was a tort that was independent of the Illinois Human Rights Act, and therefore could be maintained in the Illinois circuit court. *Id.* The Illinois Supreme Court therefore reversed the appellate court, which had held that her claim was preempted because the evidence at trial had not supported her allegation that she refused to commit perjury. *Blount v. Stroud*, 877 N.E.2d 49, 57-8 (Ill.App. 1 Dist. 2007). The appellate court reasoned that the evidence indicated only that Blount was terminated because she opposed discrimination by testifying in support of the discrimination claim of her co-worker, and that claim was tied to the legal duties created by the Act. *Id.* In reversing that decision, the Illinois Supreme Court noted that subject matter jurisdiction does not depend on the ultimate success of the claim or the proofs at trial, but rather "is dependent upon whether the plaintiff's case, as framed by the complaint or petition, presents a justiciable matter." *Blount*, 904 N.E.2d at 10, citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 184 (Ill. 2002). The Illinois Supreme Court

noted that the complaint adequately invoked the court's jurisdiction, and the failure to prove that claim did not relinquish it. *Id.* Moreover, the court rejected the claim that jurisdiction was impacted by the jury instruction that "'went far beyond a claim solely involving her alleged refusal to commit perjury'" to include retaliation for opposing unlawful discrimination under the Act. The court recognized that "any error in instructing the jury is simply that—a trial error. The jury instructions—like the proofs at trial—do not somehow divest the circuit court of the subject matter jurisdiction it earlier acquired." *Id.* at 11. The defendants here similarly challenge the scope of the jury instruction, although as will be discussed, there is no debate that sufficient evidence was presented at trial to support the common law tort in the present case unlike *Blount*. Therefore, the defendants' argument is even weaker here than in *Blount*, but in any case it rests on the flawed premise that the faulty jury instruction could deprive the court of subject matter jurisdiction. There is no support in caselaw for such a proposition, which would result in a remarkably inefficient use of judicial resources.

We need not even consider that issue, however, because an even more fundamental problem with the defendants' argument is that there is no factual basis for the conclusion that Mendez abandoned the claim. That argument is based entirely on the jury instruction given to the jury on the retaliation claim, which was so general that it would allow the jury to find retaliatory discharge based on the complaints of sexual harassment rather than the filing of the police report. Even if, as the

defendants argue, the jury instruction failed to include an element of the claim, that raises only a challenge to the jury instruction, not a challenge to subject matter jurisdiction. It is undisputed that the evidence at trial included evidence relating to the police report, and in fact the defendants proposed a jury instruction for the retaliatory discharge claim that included reference to the police report. There is simply no factual basis to hold that Mendez abandoned her common law retaliatory discharge claim at trial. Thus, we need not even address the flawed argument that the abandonment somehow operated to deprive the court, at that late date, of subject matter jurisdiction.

The error in the jury instruction is simply a trial error that the defendants could have challenged on the merits, but they failed to do so at any appropriate point in time. At trial, the defendants agreed to the instruction, and on appeal to this court they failed to present any challenge to the jury instruction, relying entirely on a challenge to the subject matter jurisdiction of the district court. They attempt to belatedly raise a plain error challenge to the jury instruction in their reply brief, but it is well-established that arguments raised for the first time in the reply brief are waived. *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007); *United States v. Blaylock*, 413 F.3d 616, 619 (7th Cir. 2005). Although the defendants argue that Mendez raised the plain error issue in the appellee brief and that the issue is preserved for our review, that is a mischaracterization. The appellee's brief argues that any challenge to the jury instruction is waived, addressing the validity of

the instructions only in the alternative. The defendants have waived any challenge to the jury instructions by failing to raise it in their opening brief, and they have failed to establish that the district court lacked subject matter jurisdiction over the retaliatory discharge claim.

The decision of the district court is AFFIRMED.