NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012[*]
Decided March 9, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3106

| | |
|---|---|
| EDDIE L. RAINEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 4669 |
| UNITED PARCEL SERVICE, INC., and ILENE BENSON, | |
| | Charles P. Kocoras, |
| *Defendants-Appellees.* | *Judge*. |

O R D E R

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Eddie Rainey sued United Parcel Service and a company manager claiming race discrimination. *See* 42 U.S.C. §§ 2000e-2(a)(1), 1981. The district court dismissed the suit on the ground that Rainey's claims were not his to litigate. The discrimination claims had accrued while Rainey was in bankruptcy proceedings under Chapter 13, and since Rainey had not disclosed them on his schedule of assets, the court reasoned that the claims remain part of the bankruptcy estate and no longer can be administered because the bankruptcy case is closed. On appeal Rainey informs us that the bankruptcy case has since been reopened and the discrimination claims disclosed, and for that reason he argues that he now should be allowed to pursue those claims on behalf of the bankruptcy estate. We agree.

In October 2005 Rainey filed, through counsel, a petition under Chapter 13 in the United States Bankruptcy Court for the Northern District of Illinois. *In re Rainey*, No. 05-bk-54579 (Bankr. N.D. Ill. filed Oct. 14, 2005). In January 2006 he filed an amended schedule of assets, and the bankruptcy court confirmed his payment plan a month later on February 6. In 2008, while the bankruptcy case was ongoing, Rainey submitted a charge of discrimination to the Equal Employment Opportunity Commission alleging that, in June 2007 and again in March 2008, UPS had denied him a job because of his race. The bankruptcy case was closed in December 2009. Rainey received a right to sue letter from the EEOC in May 2010 and filed this lawsuit in July. His initial pro se complaint alleges that UPS rejected his application for a job as a tractor-trailer driver at the company's facility in Hodgkins, Illinois. That hiring decision had been made on February 2, 2006, four days before the Chapter 13 plan was approved. The 2006 incident is not mentioned in the EEOC charge, but Rainey amended his complaint in 2011 to allege that he was discriminated against twice more when he applied for the same position in 2007 and 2008. The latter incidents are the subject of the EEOC charge.

UPS learned about the Chapter 13 case during discovery and moved to dismiss Rainey's discrimination suit on the ground that his claims accrued during the bankruptcy and thus were property of the bankruptcy estate. The district court treated UPS's motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and granted the motion. The court agreed with UPS that Rainey's claims were part of the Chapter 13 estate because they had accrued during the ongoing bankruptcy proceedings. Since the bankruptcy case was closed, the court reasoned, Rainey no longer could litigate his claims as he might have done as debtor in possession during the Chapter 13 case. And neither could he litigate those claims for his own benefit, the court continued, because he had not given the standing Chapter 13 trustee a chance to administer or abandon the claims, which, consequently, remained part of the estate. The district court added, however, that Rainey could pursue his discrimination claims if the bankruptcy court allowed him to reopen his case. *See* 11 U.S.C. § 350(b).

On appeal Rainey maintains that his failure to list his claims against UPS on his schedule of assets was inadvertent and argues that he should now be able to pursue those claims. Rainey explains that, after the district court had dismissed his lawsuit, he asked the bankruptcy court to reopen the Chapter 13 case, which the bankruptcy judge did. *In re Rainey*, No. 05-bk-54579 (Bankr. N.D. Ill. Oct. 17, 2011). Rainey has since amended his schedule of personal property to include his discrimination claims against UPS.

As a starting point, we agree with the district judge that Rainey's lawsuit could not proceed in the posture which it reached that court. A Chapter 13 estate encompasses all property, including legal claims, acquired after the petition is filed and before the case is closed. *See* 11 U.S.C. §§ 541(a)(1), 1306(a)(1); *In re Willett*, 544 F.3d 787, 791 n.3 (7th Cir. 2008); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–73 (7th Cir. 1999); *In re Jones*, 657 F.3d 921, 927 (9th Cir. 2011); *In re Waldron*, 536 F.3d 1239, 1241 (11th Cir. 2008). Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open. *In re Waldron*, 536 F.3d at 1244. Although there is a trustee in a Chapter 13 bankruptcy, the trustee acts as an advisor and administrator while the debtor remains in possession of the estate. 11 U.S.C. §§ 1302(a), 1303, 1306(b); *Cable*, 200 F.3d at 472. The debtor thus can pursue legal claims for the benefit of the estate and its creditors. FED. R. BANKR. P. 6009; *Cable*, 200 F.3d at 472–73; 8 COLLIER ON BANKRUPTCY ¶ 1303.04. Once the bankruptcy case is closed, however, a debtor no longer can pursue claims on behalf of the estate, and typically will be estopped from pursuing claims for his *own* benefit if those claims were concealed from creditors during the bankruptcy proceedings. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). But as long as the bankruptcy proceedings are ongoing—which is now the situation as to Rainey—a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval. FED. R. BANKR. P. 1009(a), 6009; *see Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384–85 (5th Cir. 2008) (noting that Chapter 7 cases routinely are reopened to permit trustee to administer previously undisclosed assets).

UPS argues that Rainey should nonetheless be barred from pursing his claims because he did not disclose them earlier. Yet as authority for this proposition, UPS cites only decisions where the bankruptcy case remained closed, *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010); *Becker v. Verizon North, Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007), or where the debtor was bringing the claim on his own behalf rather than for the estate, *Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *3 (N.D. Ill. Aug. 20, 2009), or where the trustee had abandoned the property and so the debtor could bring the claim only for her personal benefit, *Cannon-Stokes*, 453 F.3d at 448. UPS also argues that we should ignore that the bankruptcy case has been reopened because the case was closed at the time the district court entered its order. But we can take judicial notice of proceedings in the

bankruptcy court, *see In re Consol. Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005), just as UPS asked the district court to take notice of those same proceedings when it moved for dismissal of Rainey's claims. Preventing Rainey from bringing his claims would undermine the interests of his creditors and defeat the district court's intent that Rainey be able to pursue the discrimination claims if he reopened his bankruptcy case.

One matter remains. In his brief Rainey identifies as an issue the district court's decision not to enlist counsel to assist him pro bono. But the brief includes no argument to go along with the statement of the issue, and we have explained that issues which are identified but not argued are waived. *See Fredricksen v. United Parcel Service, Co.*, 581 F.3d 516, 523–24 (7th Cir. 2009). Rainey attempted to remedy this omission by arguing in his reply brief that the district court should have requested counsel. But arguments raised for the first time in a reply brief also are waived. *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011); *Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011). Moreover, we would not conclude that the district court abused its discretion in denying Rainey's motion for appointment of counsel.

Accordingly, the judgment of the district court is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this order.